**Barry LEBOWITZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 1082, Docket 89–2011.**

United States Court of Appeals, Second Circuit.

Argued April 27, 1989.

Decided June 9, 1989.

Lisa D. Burget, Washington, D.C. (Thomas B. Carr, and Miller, Cassidy, Larroca & Lewin, Washington, D.C., on the brief), for appellant Barry Lebowitz.

Matthew E. Fishbein, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., and John Gleeson, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for appellee United States.

Before OAKES, Chief Judge, TIMBERS and MESKILL, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Barry Lebowitz appeals from an order entered January 17, 1989 in the Eastern District of New York, I. Leo Glasser, *District Judge*, denying after a hearing his motion pursuant to 28 U.S.C. § 2255 (1982) to vacate his conviction and four year sentence following a guilty plea. He alleged that his conviction and sentence for escape from federal custody should be vacated since the dismissal of an earlier complaint filed on the same charge on the ground that the Speedy Trial Act had been violated should have been with prejudice to later prosecution. In denying the motion, the district court held that, by pleading guilty to the escape offense, appellant waived his right to challenge the court's earlier denial of his motion to dismiss the indictment on the very same ground.

We agree with the district court that appellant waived his right to assert the instant claim. We affirm.

I.

We shall summarize only those facts believed necessary to an understanding of the issues raised on appeal.

On January 8, 1985,[1] appellant escaped from a federal halfway house in Brooklyn, N.Y. where he was completing a one to six year sentence imposed following a prior conviction of fraud and false pretenses. At the time of his escape, appellant had 66 days remaining to be served on that sentence. On January 9, a teletype message was published in which the escape was announced and which authorized the United States Marshal to apprehend and remand appellant to the Metropolitan Correctional Center (MCC) in New York.

On April 10, since appellant continued to remain at large, the government decided to prosecute him for escape pursuant to 18 U.S.C. § 751(a) (1982) and issued a warrant for his arrest. He was captured in Texas on April 25 and was ordered remanded to the MCC in New York, where he arrived on May 13. Due to an administrative error, the United States Attorney's Office did not learn of his capture until May 30.

On June 6, the complaint charging appellant with escape was dismissed by a magistrate pursuant to § 3162(a)(1) of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (1982 & Supp. V 1987), on the ground that more than 30 days had elapsed since appellant's arrest and no indictment had yet been returned. The magistrate did not state whether the complaint was dismissed with or without prejudice. Appellant remained incarcerated at MCC until September 12.

Appellant was indicted on the same escape offense pursuant to an indictment returned August 16. He moved for dismissal of the indictment on the ground that he had been denied his Speedy Trial Act and due process rights. In December, I. Leo Glasser, *District Judge*, denied appellant's motion after finding that under the Speedy Trial Act dismissal of the original complaint without prejudice was proper. Appellant entered a plea of guilty on January

<hr />

**1.** All dates in this chronology are in the year     1985, unless otherwise stated.

20, 1987 to the indictment charging escape and was sentenced by Judge Glasser to a four year term of imprisonment.

In October 1988, appellant filed the instant § 2255 motion challenging his conviction and sentence on the escape charge on the ground that the district court, in denying his motion to dismiss the indictment, erroneously had assumed that the magistrate's dismissal of the original complaint had been without prejudice, whereas actually there was no indication whether the dismissal was with or without prejudice. Appellant asserted that, had the district court conducted a de novo review of the Speedy Trial Act factors, it would have concluded that the original complaint should have been dismissed with prejudice and that therefore his subsequent conviction pursuant to the indictment charging that offense should be vacated. After holding a hearing on November 14, 1988, Judge Glasser denied the motion and dismissed the case.

On appeal, appellant argues that since a proper assessment of the Speedy Trial Act factors indicates that the original complaint on the escape offense should have been dismissed with prejudice, his later conviction on the same charge should be vacated. Appellant also argues that he has not waived his right to appeal by pleading guilty since his claim is jurisdictional. The government argues that this appeal is barred by appellant's guilty plea and that in any event the district court's conclusion that the original complaint was properly dismissed without prejudice is correct.

## II.

The threshold question is whether appellant, by pleading guilty to the escape charge, waived his right to assert the instant claim arising out of an alleged Speedy Trial Act violation. The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings. *Hayle v. United States*, 815 F.2d 879, 881 (2 Cir.1987); *United States v. Andrews*, 790 F.2d 803, 809–10 (10 Cir. 1986), *cert. denied*, 481 U.S. 1018 (1987);

*United States v. Yunis*, 723 F.2d 795, 796 (11 Cir.1984); *United States v. Broussard*, 645 F.2d 504, 505 (5 Cir.1981) (per curiam). Since a violation of a defendant's right to a speedy trial is nonjurisdictional, it is waived by a guilty plea which does not include a court-approved reservation of that claim. *United States v. LoFranco*, 818 F.2d 276, 277 (2 Cir.1987) (per curiam); *Andrews, supra,* 790 F.2d at 809–10; *Yunis, supra,* 723 F.2d at 796.

Clearly appellant's guilty plea was knowing and voluntary. When Judge Glasser informed appellant that, by pleading guilty he would not be able to appeal from the earlier order rejecting his Speedy Trial Act claim, appellant, after conferring with counsel, responded that "I have decided not to pursue the appeal issue.... I just want to plead guilty to the charge and the quicker we get this over with the quicker I will be getting out". Moreover, there was no court-approved reservation of the claim. *E.g., United States v. Weinberg*, 852 F.2d 681, 684 (2 Cir.1988); *United States v. Mann*, 451 F.2d 346, 347 (2 Cir.1971) (per curiam).

We hold that, by voluntarily pleading guilty to the escape charge, appellant waived his right to assert any claim arising out of the alleged violation of the Speedy Trial Act.

## III.

In an attempt to overcome this procedural bar, appellant argues that, unlike other Speedy Trial Act claims, his claim is jurisdictional in that he challenges the district court's erroneous assumption that the original complaint filed against him was dismissed without prejudice, whereas actually there was no indication whether the complaint was dismissed with or without prejudice. He asserts that, since a proper analysis by the district court of the Speedy Trial Act factors would have indicated that the original complaint should have been dismissed with prejudice, the government was without power to prosecute him on the escape charge and the district court was

without jurisdiction to accept his guilty plea.

We find no merit in appellant's argument. The critical flaw in the argument is that it assumes that if, in denying appellant's motion to dismiss the indictment, the district court had not incorrectly assumed that the original complaint had been dismissed without prejudice, it would have concluded that the dismissal should have been with prejudice. Judge Glasser, however, stated at the § 2255 hearing that, in denying appellant's prior motion to dismiss the indictment, he essentially had conducted a de novo review of appellant's Speedy Trial Act claim and had concluded that the proper disposition of the original complaint was dismissal without prejudice.

Our examination of the order denying appellant's motion to dismiss the indictment satisfies us that nothing less than a full review of appellant's claim was conducted and that the district court's conclusion as to the merits of appellant's Speedy Trial Act claim was made independently of whatever the magistrate had done or had not done.

We hold that appellant is not now entitled to yet another examination of the same issue since, by knowingly and voluntarily pleading guilty, he waived his right to appeal from the district court's order rejecting his Speedy Trial Act claim.

## IV.

To summarize:

Appellant's attempt to circumvent the settled rule regarding waiver of nonjurisdictional defects following a guilty plea fails because it distorts what is nothing more than an ordinary Speedy Trial Act claim. We affirm the district court's dismissal of appellant's § 2255 motion.

Affirmed.