978 F.2d 1256
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Foster DAVIS, Defendant-Appellant.
 No. 91-5868.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 26, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg.
 David Dodson, Greenville, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, David C. Stephens, Assistant United States Attorney, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Tyrone Foster Davis pled guilty to conspiracy to distribute cocaine (21 U.S.C.A. § 846 (West Supp. 1992)), distribution of cocaine (21 U.S.C.A. § 841 (West 1981 & Supp. 1992)), and two counts of money laundering (18 U.S.C.A. § 1956(a)(1)(A) (West Supp. 1992)). He appeals his sentence. We affirm.
 
 
 2
 Davis sold cocaine to a confidential informant in a joint state and federal investigation on August 22, 1990. He was arrested an hour later, made bond in state court, and was released. Eddie Watson, who assisted Davis in making the sale, was also arrested and agreed to cooperate. On August 31, Davis was arrested by the Federal Bureau of Investigation (FBI) for the August 22 sale. In September, October, and early December, the government obtained orders from the district court granting continuances under 18 U.S.C. § 3161(h)(8) (1988) which extended the time for filing an indictment to allow further investigation. Davis made no objection.
 
 
 3
 The investigation revealed that Davis had more than five people working for him, either buying kilograms of cocaine for him regularly in Florida and transporting them to South Carolina for him, or selling drugs for him in Spartanburg, South Carolina. On January 29, 1991, an indictment was returned charging Davis with conspiracy, cocaine distribution, carrying a gun in connection with the August 22 sale, and two counts of money laundering. On March 28, Davis pled guilty to conspiracy, the distribution count, and the two money laundering counts. The firearm charge was dismissed.
 
 
 4
 In the presentence report, the probation officer recommended that Davis' base offense level be increased by four levels because he was a leader or organizer in the offense. United States Sentencing Commission, Guidelines Manual § 3B1.1(a) (Nov. 1990). Davis' attorney filed numerous written objections to the presentence report contesting the leader/organizer adjustment, and moved to have hearsay evidence excluded from the sentencing hearing. That motion was denied.
 
 
 5
 At the sentencing hearing, the investigating FBI agent testified and the government introduced through him the statements of a number of participants in the offense; the statements described the involvement of several of Davis' co-conspirators and revealed how Davis directed their activities. Davis himself testified that he had bought and sold drugs on a very limited scale, and that he had acted alone. Other than his testimony, Davis presented no other evidence to rebut the government's showing. The district court ultimately found that Davis was a manager or supervisor, but not a leader or organizer, and made a three-level upward adjustment under guideline section 3B1.1(b).
 
 
 6
 In this appeal, Davis alleges that the delay between his arrest and indictment violated the Speedy Trial Act, 18 U.S.C.s 3161(b) (1988). Because Davis failed to present this issue in the district court, it is not properly raised on appeal. United States v. Davis, 954 F.2d 182 (4th Cir. 1992).*
 
 
 7
 Davis also contends that he was denied the opportunity to challenge the information in the presentence report at a full evidentiary hearing and was unable to confront witnesses against him at the sentencing hearing because only the agent testified for the government and hearsay evidence was used. This claim is meritless. The sentencing hearing afforded Davis an opportunity to show that any information he disputed in the presentence report was unreliable or inaccurate, and he had the burden of doing so. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). He was free to call witnesses to testify on his behalf. The record discloses that Davis vigorously contested the evidence of his leadership role, with some success. He himself testified, but offered no other evidence. There is no prohibition against the government's use of reliable hearsay in a sentencing proceeding. United States v. Bowman, 926 F.2d 380 (4th Cir. 1991).
 
 
 8
 Finally, Davis claims that the district court failed to make a finding on the reliability of the hearsay evidence introduced by the government which he had challenged. The court found that it could consider reliable information and that the hearsay introduced by the government was permissible. This was sufficient to resolve the issue.
 
 
 9
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 If any violation of the Speedy Trial Act occurred, Davis waived the right to assert it by pleading guilty. A valid guilty plea waives all nonjurisdictional defects. Tollett v. Henderson, 411 U.S. 258 (1973). See also United States v. Bohn, 956 F.2d 208 (9th Cir. 1992) (guilty plea waives Speedy Trial claim); accord United States v. Lebowitz, 877 F.2d 207 (2d Cir. 1989)