**UNITED STATES of America,**
**Appellee,**

v.

**Rafael CIRINEO, also known as Nano, Efrain Nicolas Cirineo, also known as Colas, Normal Alan Sheppard, Franklin Lama, Jose Nicolas Infante, also known as Nico, Melvin Linval, Francisco Espinal, also known as William, Eddie Gomez, also known as Iguana, Denise Mitchell and Luis Geraldo Diaz–Burgos, also known as Rafalito, Defendants,**

**Andres ESTEVEZ, Defendant–Appellant.**

**Docket No. 01–1235.**

United States Court of Appeals, Second Circuit.

April 3, 2002.

Mylan L. Denerstein, Assistant United States Attorney, Gary Stein, on the brief, for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Michael G. Paul, New York, NY, for Appellant.

Present LEVAL, SOTOMAYOR, Circuit Judges, and RAGGI, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant Andres Estevez appeals from a conviction following a guilty plea on one count of conspiring to distribute and possess with intent to distribute 50 grams of "crack" cocaine in violation of 21 U.S.C. § 846. Defendant pleaded guilty on October 6, 1999, two days into his trial on the crack charge and a related cocaine charge. After the district court rejected his later application to withdraw his plea, defendant was sentenced on April 6, 2001 to 151 months' incarceration to be followed by five years' supervised release, a $2,000 fine and a mandatory $100 special assessment.

Defendant raises three issues on appeal. First, he argues that the district court erred in failing to suppress the testimony of informants who were paid and promised leniency in exchange for their testimony, in violation of the federal anti-gratuity statute, 18 U.S.C. § 201(c)(2). Second, he contends that the district court should have suppressed wiretap evidence allegedly obtained in contravention of the federal wiretap laws as well as the Sixth, Ninth,

and Fourteenth Amendments to the U.S. Constitution. Third, he claims that he was rendered ineffective assistance of counsel because his lawyer failed to encourage him to plead guilty before trial, at which point he would have been entitled to a full three-level reduction for acceptance of responsibility under the Sentencing Guidelines, *see* U.S.S.G. § 3E1.1(b)(2), rather than the two-level reduction he received for pleading guilty after the trial was in progress.

Defendant's first two arguments fail because "[t]he settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989). In any event, defendant's claims are without merit.

Defendant's first argument is refuted by our holding that the anti-gratuity statute "does not apply to the United States or to any Assistant United States Attorney acting within his or her official capacity." *United States v. Stephenson,* 183 F.3d 110, 118 (2d Cir.1999).

Defendant's next claim, that the wiretap evidence was procured illegally, is similarly unavailing. Defendant alleges that probable cause was lacking because the wiretap application ultimately depended upon information supplied by informants whose reliability was not substantiated. We have held that "[t]he core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable." *United States v. Wagner,* 989 F.2d 69, 72 (2d Cir.1993). In this case, the wiretap affidavits attest to the fact that the reliability of the information supplied by the informants was amply corroborated. Defendant's ar-

---

* The Honorable Reena Raggi of the United States District Court for the Eastern District of New York, sitting by designation.

guments under the U.S. Constitution are similarly without merit.

Nor can we accept defendant's claim that he received ineffective assistance of counsel because his lawyer failed to advise him on the benefits of pleading guilty before the commencement of his trial. There is nothing in the record to substantiate the contention that defendant did not receive timely legal advice on this point. On the other hand, the record of defendant's criminal conviction ordinarily would not show what communication occurred between attorney and client. Accordingly, we affirm the judgment of conviction, without prejudice to the defendant raising his claim of ineffective assistance of counsel by collateral attack under 28 U.S.C. § 2255.