**UNITED STATES of America,**
**Appellee,**

v.

**Norman BERNSTEIN, Defendant–**
**Appellant.**

**Docket No. 01–1118.**

United States Court of Appeals,
Second Circuit.

Aug. 14, 2002.

Maranda E. Fritz, Maranda E. Fritz, P.C., New York, NY, for Appellants.

Robert R. Strang, Assistant United States Attorney, Southern District of New York (Mary Jo White, United States Attorney, Christine H. Chung, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present VAN GRAAFEILAND, WINTER, and SACK, Circuit Judges.

**430**

UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED IN PART AND DISMISSED IN PART.

Norman Bernstein appeals from his conviction and from the sentence imposed by Judge Casey following his plea of guilty to charges of conspiracy, in violation of 18 U.S.C. § 371, to commit mail fraud in violation of 18 U.S.C. § 1341 and tax fraud in violation of 26 U.S.C. § 7206(1). Appellant challenges: (i) the district court's grouping of offenses, and the resulting aggregation of related dollar amounts, under United States Sentencing Guidelines Manual § 3D1.2(d); (ii) the district court's denial of appellant's pretrial motions; and (iii) the district court's decision not to grant a downward departure. We affirm with regard to claims (i) and (ii) and dismiss the claim regarding the downward departure.

Following the denial of his pre-trial motions, appellant pled guilty to Count One of the indictment, charging conspiracy to commit mail fraud and tax fraud. The plea agreement contained stipulations concerning the loss amounts resulting from appellant's mail and tax fraud offenses and stipulations concerning application of the Sentencing Guidelines, including an acknowledgment of a two-level enhancement under the tax evasion guideline, § 2T1.1(b)(1), for the failure to report income in excess of $10,000 derived from criminal activity. There was no agreement on whether or how the mail and tax fraud offenses should be grouped under § 3D1.2.

At sentencing, the district court grouped appellant's mail and tax fraud offenses under § 3D1.2(d) of the Sentencing Guidelines, pursuant to which the loss amounts applicable to the two offenses were aggregated and applied, under § 3D1.3(b), to the more stringent of the applicable sentencing tables. This resulted, after various adjustments, in a final offense level of 19, which the court reduced to 18 so as to reflect the agreement reached by the parties at the time of the plea. Appellant's motion for a downward departure based on his health and family circumstances was denied, and he was sentenced to twenty-seven months of imprisonment, the lowest sentence within the offense level 18 sentencing range.

■ Appellant argues that his mail fraud and tax evasion offenses should be grouped, not under § 3D1.2(d), but rather under § 3D1.2(c), which would avoid the aggregation of loss amounts and result, after various adjustments, in an offense level of 16. Appellant claims that grouping under § 3D1.2(d) leads to "double counting" of offenses, see Appellant's Brief at 22, because the mail fraud dollar amounts are aggregated for initial sentence calculation purposes, and then an additional two-point sentence enhancement is added under the tax evasion guideline, § 2T1.1(b)(1), for failure to report criminally-derived income in excess of $10,000.

The government contends that the district court was correct to group the offenses under § 3D1.2(d), arguing, first, that § 3D1.2(c) simply does not apply to appellant's offenses by its own terms, and, second, that the district court was precluded from grouping appellant's offenses under § 3D1.2(c) by our decisions in *United States v. Fitzgerald*, 232 F.3d 315, 320 21 (2d Cir.2000), and *United States v. Petrillo*, 237 F.3d 119, 124–25 (2d Cir.2000). Both *Fitzgerald* and *Petrillo*, in the government's view, direct us to group mail fraud and tax evasion under § 3D1.2(d), rather than § 3D1.2(c).

Appellant in return urges us to revisit *Fitzgerald* and *Petrillo* and clarify that these two decisions merely allow the grouping of fraud and tax offenses under § 3D1.2(d), but do not direct us to do so. Thus, appellant argues, *Fitzgerald* notwithstanding, the district court still had the option of grouping under § 3D1.2(c).

Since argument, however, we rendered a decision in *United States v. Gordon,* 291 F.3d 181 (2002). For the reasons stated therein, appellant's mail and tax fraud offenses were properly grouped under § 3D1.2(d) of the Sentencing Guidelines. See *id.* at 191–93; *see also id.* at 198 (Newman, J., concurring).

While we acknowledge a degree of ambiguity as between the text of the Sentencing Guidelines, which in our view provides for grouping under § 3D1.2(d), and a 1992 staff advisory opinion issued by the sentencing commission and cited by appellant, which indicates that grouping under § 3D1.2(c) would be appropriate, the text of the Sentencing Guidelines must take precedence over a nonbinding advisory opinion.

Nor can we conclude that the underlying purpose of § 3D1.2(c), avoiding "double counting" of offense behavior, *see* U.S.S.G. § 3D1.2, cmt. n. 5, would be significantly served in this particular case by a grouping under § 3D1.2(c). First, the loss associated with the mail fraud offense greatly exceeds the $10,000 threshold required to trigger the two-point enhancement for tax fraud under § 2T1.1(b)(1), and any "double counting" would be limited to $10,000 of the approximately $456,000 mail fraud loss. Indeed, under the approach proposed by appellant, the portion of the loss in excess of $10,000 would not be reflected at all in the sentence. Minimal double counting would be avoided, therefore, only at the expense of proportionality. Second, the two-point enhancement under

§ 2T1.1(b)(1) for failure to report criminally derived income was actually based not on income from the approximately $456,000 mail fraud, but on income from the separate $600,000 check-cashing scheme pleaded to by appellant. Therefore, the $10,000 double counting is not at issue here.

Moreover, putting § 3D1.2(d) aside, we do not believe the applicable text of § 3D1.2(c)—that grouping shall occur where one count "embodies conduct" that is treated as an "adjustment to" the guideline for another count, U.S.S.G. § 3D1.2(c)—can reasonably be read to require grouping under § 3D1.2(c) in this case. The failure to report or to correctly identify the source of income ... from criminal activity, *see* U.S.S.G. § 2T1.1(b)(1), is not embodied in the mail fraud count. The failure to report occurs after the mail fraud has been carried out.

In any event, we have held definitively that the text, structure, and commentary of the Sentencing Guidelines, as currently in force, require the grouping of mail fraud and tax fraud offenses under § 3D1.2(d), even where the same funds are the object of both the mail fraud and the tax fraud, and even where § 3D1.2(c) might otherwise apply. *See Gordon,* 291 F.3d at 192–93 (noting that application of § 3D1.2(d) is appropriate where both mail fraud and tax evasion "involve the same funds," and that "the Guidelines suggest that crimes falling within the special category of quantifiable-harm offenses *require* treatment under § 3D1.2(d)" (emphasis added)). We therefore affirm the district court's grouping of appellant's offenses under U.S.S.G. § 3D1.2(d).

With regard to appellant's challenge of the district court's denial of his pretrial motions, we hold that by entering a knowing, voluntary, and unconditional plea of

guilty, appellant waived his right to contest the pretrial rulings. *See Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir. 1989) ("The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings."). After a judgment of conviction has been entered upon a defendant's unconditional plea of guilty, the defendant is limited to attacking the voluntary and knowing character of the guilty plea. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). We therefore affirm the district court's denial of appellant's pretrial motions.

■ Finally, because appellant does not allege that the denial of his departure motion was based on an error of law or on the district court's misapprehension of the court's departure authority, the denial of the downward departure is unreviewable. We review district court's denial of a motion for a downward departure only where "the guidelines were misapplied" or "the court misapprehended its authority or imposed an illegal sentence." *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). Appellant did not produce clear evidence that the district judge misapprehended the scope of his departure authority. *See United States v. Stephenson,* 183 F.3d 110, 120 (2d Cir.1999). We therefore lack appellate jurisdiction over this claim.

We have considered appellant's remaining arguments and we find them to be without merit. We therefore affirm in part and dismiss in part.