**UNITED STATES of America,**
**Appellee,**

v.

**Ronald E. GIBSON, also known as Santino Gibson, also known as Sonny Gibson, Defendant–Appellant,**

**Reparata MAZZOLA, Defendant.**

**Docket No. 01–1507.**

United States Court of Appeals,
Second Circuit.

Feb. 14, 2003.

Vida M. Alvy, Alvy & Jacobson, New York, New York, for Appellant.

Mylan L. Denerstein, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York; Richard D. Owens, Christine H. Chung, Assistant United States Attorneys, on the brief), New York, New York, for Appellee.

Present: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

Ronald E. Gibson appeals from a November 7, 2001 judgment of conviction, following his guilty plea to one count of conspiracy to commit mail, wire, and securities fraud, and to one count of wire fraud, in connection with two distinct fraudulent schemes.

On appeal, Gibson contends that the district court erred by (1) ordering restitution in the amount of $14,841,250, without an adequate factual basis to attribute that loss to Gibson, and without identifying the victims and their loss, or considering Gibson's financial resources; (2) using that

**34**

overstated figure to adjust Gibson's base offense level pursuant to U.S.S.G. § 2F1.1(b)(1)(P); and (3) failing to dismiss the indictment.

The Government agrees that the restitution order should be vacated for the sole purpose of permitting the district court to identify the victims of the "PCO Loan Program" fraud and the amount of loss each suffered after accounting for any prior recoveries.

We agree with the parties that the waiver-of-appeal provision in Gibson's plea agreement (which concerns the term of imprisonment) does not preclude an appeal of the restitution order. Gibson's contention that $14 million of victim loss was wrongly attributed to him is without merit because all of that money was raised by Gibson's company or by sub-brokers hired by Gibson, and Gibson received commissions from the sub-brokers' activities.

We agree with the Government that the waiver-of-appeal provision in Gibson's plea agreement precludes consideration of Gibson's challenges to the term of his imprisonment, because he was sentenced to prison for a term within the stipulation. The appellate waiver was knowing and voluntary.

We also agree with the Government that the district court properly denied Gibson's motion to dismiss the indictment. An indictment was returned after Gibson's first fraudulent scheme was uncovered. When it was learned that Gibson perpetrated a second scheme (in part while on bail), no indictment was returned; instead, Gibson knowingly and voluntarily waived indictment and pleaded guilty, both of which are sufficient to preclude Gibson's challenge to the initial indictment. *See Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir. 1989) ("[A] defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings.").

The Government concedes that a remand is appropriate to permit the district court to identify the victims of the "PCO Loan Program" fraud, and the loss each suffered net of any prior recovery. We agree that a remand is appropriate for this limited purpose. On remand, the district court will want to keep in mind that (contrary to the PSR) restitution in this appeal is owed pursuant to the Mandatory Victims' Restitution Act, not the Victim and Witness Protection Act.

We have reviewed Gibson's remaining arguments, and conclude that they lack merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED IN PART, VACATED IN PART, and REMANDED.**