**UNITED STATES of America,**
Appellee,

v.

**Jaime LARA, aka "Jimmy",**
**Defendant–Appellant.**

No. 02–1370.

United States Court of Appeals, Second Circuit.

June 24, 2003.

J. Roberto Cardenas, Cardenas & Associates, New York, NY, for Defendant–Appellant.

Richard C. Daddario, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Andrew J. Ceresney, of counsel), New York, NY, for Appellee.

PRESENT: MINER, JACOBS, and CABRANES, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL

REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 24th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Defendant–Appellant Jaime Lara appeals from a judgment of conviction entered on June 12, 2002, in the United States District Court for the Southern District of New York (Berman, *J.*), following his guilty plea to conspiring to import and distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 846, 943. Lara was sentenced principally to 327 months of imprisonment.

Lara's chief contention on appeal is that the district court proceedings violated the international law doctrine of "specialty." Lara's entry into an unconditional guilty plea prior to trial waived any nonjurisdictional challenges to his conviction, *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989), but an objection grounded on the doctrine of specialty amounts to an objection to the district court's jurisdiction, *see United States v. Rauscher,* 119 U.S. 407, 429–33, 7 S.Ct. 234, 30 L.Ed. 425 (1886). Lara therefore may raise the issue on appeal.

The doctrine of specialty is "a principle of international law that prohibits a defendant from being tried on charges other than those for which he was extradited." *United States v. Levy,* 25 F.3d 146, 159 (2d Cir.1994). Following his indictment, Lara was extradited to the United States from Colombia pursuant to an agreement between the two nations that Lara was being extradited "only in relation to acts committed after December 17, 1997," the effective date of Colombia's extradition law. Lara argues that some of the overt acts alleged in the indictment to be in furtherance of the two charged conspiracies occurred before December 17, 1997.

Lara identifies four violations of the doctrine of specialty: (1) evidence of his criminal activity prior to December 17, 1997 was deemed admissible at his trial (which was never held because of Lara's guilty plea); (2) evidence of his criminal activity prior to December 17, 1997 was used in calculating his sentence; (3) evidence relating to his participation in a separate, uncharged conspiracy was used in his sentencing; and (4) Lara could only be sentenced to the maximum term of imprisonment authorized for his crimes under Colombian law.

First, it is settled that the doctrine does not alter the procedural and evidentiary rules that apply in United States courts. *United States v. Flores,* 538 F.2d 939, 945 (2d Cir.1976). Second, Judge Berman expressly declined at sentencing to consider any evidence of Lara's criminal activity prior to December 17, 1997, a point conceded by Lara at oral argument. Third, as Judge Berman observed, the indictment drew no distinction between Lara's participation in multiple criminal organizations, as Lara now suggests. Finally, although this Court has recognized that an extraditing country may set a maximum term of imprisonment as a condition of extradition,

*see United States v. Campbell,* 300 F.3d 202, 211 (2d Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 2114, 155 L.Ed.2d 1090 (2003), there is no such limitation here, and there is no authority for extending the doctrine of specialty in the manner Lara urges.

We have reviewed Lara's additional arguments concerning his sentence, and conclude that they lack merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.