**UNITED STATES of America,**
**Appellee,**

v.

**Edies IDARRAGA, also known as "Eddie," Luis Fernando Casallas–Orjuela, Defendants,**

**Ana ISAZA, Defendant–Appellant.**

No. 02–1399.

United States Court of Appeals,
Second Circuit.

July 25, 2003.

Julian D. Schreibman, Assistant United States Attorney, for James B. Comey, United States Attorney, Southern District of New York (Anirudh Bansal, Assistant

United States Attorney, on the brief), for Appellee.

Ernest H. Hammer, New York, NY, for Defendant–Appellant.

PRESENT: VAN GRAAFEILAND, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

■ In March, 2001, defendant-appellant Ana Isaza accepted a proposed plea agreement ("original agreement") based on her role in a narcotics conspiracy in violation of 21 U.S.C. §§ 846. Before executing the agreement, Isaza requested modification of her bail restrictions to permit her to attend a church service in Connecticut. The district court granted her request, over objections by the government. Thereafter, the prosecution, she claims vindictively, withdrew its proffer of the original agreement. The government denies this claim, asserting that the original agreement was withdrawn because the prosecutor learned of additional criminal conduct that Isaza had not admitted in her original proffer session. In July, 2001, appellant executed a new plea agreement ("final agreement") and pled guilty to the offense in question. Neither the original agreement nor the final agreement permitted Isaza to petition the court for a downward departure. Ultimately, she received a sentence of 87 months, the minimum sentence contemplated by the *original* agreement.

Appellant requests that this court vacate her sentence and the judgment against her on the grounds of vindictive prosecution. We note in passing that her substantive claim of vindictive prosecution is dubious at best. Moreover, since she received the lowest sentence available under the original agreement, which she had accepted before any alleged vindictiveness occurred, it is hard to discern prejudice from the putative vindictiveness. But we need not consider whether vindictiveness played a role in the prosecutor's decision, or whether she must prove prejudice to prevail, because appellant's claim fails on more general grounds.

■ While appellant challenges the judgment, she at no point denies that her plea was knowing and voluntary, nor expressly requests that her plea be withdrawn. As a consequence, there is no basis for vacating the judgment entered against her. *See Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir.1989) ("The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings."). Insofar as her claim could be read as a challenge to her sentence, appellant offers no argument as to why her sentence is inappropriate, or for that matter what relief from the sentence she seeks.[1] Leaving aside the question of whether vindictive prosecution is a colorable basis for an attack on a sentence, *see United States v. Johnson*, 221 F.3d 83, 94 (2d Cir.2000), we find no grounds for invalidating her sentence.

---

1. In a letter to Judge Preska dated November 26, 2001, appellant sought permission to ask for a downward departure, even though both the original agreement and the final agreement barred her from making such a petition. In her appeal, she does not mention this request. In the last paragraph of her reply brief, she refers to § 5K2.0 of the Sentencing Guidelines, which covers certain downward departures, but offers no argument regarding such departures.

Under the circumstances, Isaza's appeal amounts to no more than an attempt to have this court issue an advisory opinion on her claim of vindictiveness, and on the need to hold a hearing to test such claims. Neither of these will we do. *See United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (reaffirming the principle that "a federal court [lacks] the power to render advisory opinions" (internal quotation marks omitted)).

We have considered all of appellant's arguments and find them meritless. We therefore AFFIRM the order of the district court.