United States v. Edwards

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7ᵗʰ day of February, two thousand fourteen.

Present:
>ROSEMARY S. POOLER,
>REENA RAGGI,
>>*Circuit Judges*,
>LORNA G. SCHOFIELD,
>>*District Judge*.[*]

---

UNITED STATES OF AMERICA,

>*Appellee*,

>-v-                                                      12-3888-cr

BRANDON EDWARDS, AKA BRUCE EDWARDS, AKA
BRUCE READ, AKA ROBERT RENTELL, AKA ROBERT WRIGHT,

>*Defendant-Appellant.*

---

Appearing for Appellant:    Jonathan J. Einhorn, New Haven, CT.

Appearing for Appellee:    Liam Brennan, Assistant United States Attorney (Deirdre M. Daly, Acting United States Attorney, District of Connecticut; Sandra S. Glover, Marc H. Silverman, Assistant United States Attorney, *on the brief*), New Haven, CT.

---

[*] The Honorable Lorna G. Schofield, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Burns, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Brandon Edwards appeals from the judgment of conviction, entered September 25, 2012, sentencing him principally to a term of 180 months' imprisonment, followed by a 60-month term of supervised release, after pleading guilty to one count of unlawful possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Edwards' principal argument is that the district court erred in finding Edwards qualified as an armed career criminal within the meaning of the Armed Career Criminal Act ("ACCA") based on previous state convictions. We review de novo the district court's determination of whether Edwards' prior state offenses constituted "serious drug offense[s]" under 18 U.S.C. § 924(e). *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008). "[A] federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense." *McNeill v. United States*, 131 S.Ct. 2218, 2224 (2011) quoting 18 U.S.C. § 924(e)(2)(A)(ii). We have previously recognized that *McNeill* abrogates *United States v. Darden*, 539 F.3d 116 (2d Cir. 2008), relied on by Edwards for the proposition that the relevant sentence is the present one for the offense, not the one at the time of sentencing. *Rivera v. United States*, 716 F.3d 685, 690 (2d Cir. 2013).

The district court sentenced Edwards based on three prior convictions in Connecticut: November 24, 1997; May 21, 2003 and May 22, 2003 for violations of Connecticut General Statutes § 21a-277(a). The state court transcripts for each proceeding were before the district court; and the district court also adopted the factual findings of the presentence report. Based on the record before it, the district court correctly found that each of the three convictions constituted serious drug offenses within the meaning of Section 924(e).

Edwards also challenges the district court's denial of his suppression motion. By entering a plea of guilty, Edwards waived his right to challenge the suppression hearing. "The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989).

We have examined the remainder of Edwards' arguments, both in his counseled and pro se briefs, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk