23-7185
*United States v. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-five.

PRESENT:
>       AMALYA L. KEARSE,
>       PIERRE N. LEVAL,
>       RICHARD J. SULLIVAN,
>               *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>       *Appellee*,

>       v.                                                          No. 23-7185

TAHEEM SMITH,*

>       *Defendant-Appellant*.

_____

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

_____

| | |
|---|---|
| **For Defendant-Appellant:** | JOHN J. DOWLING III, Dowling Defense Group LLC, Charlotte, NC (Christopher J. Cassar, The Cassar Law Firm, P.C., Huntington, NY, *on the brief*). |
| **For Appellee:** | ANTHONY BAGNUOLA (Amy Busa, Mark E. Misorek, *on the brief*), Assistant United States Attorneys, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 19, 2023 judgment of the district court is **AFFIRMED**.

Taheem Smith appeals from a judgment of conviction following his guilty plea to one count of racketeering, predicated on his involvement in the armed robbery and murder of David Arzu and Janelle Curella, in violation of 18 U.S.C. § 1962(c). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Following his arrest in September 2019, Smith made voluntary statements to police that he and an associate, Lameek Everett, attempted an armed robbery of

2

Arzu, Curella, and two other unarmed victims in 2016. Smith admitted that while he was holding two of the victims at gunpoint, Everett beat and robbed Arzu before shooting him and Curella, who had attempted to intervene. As relevant to this appeal, Count One of the superseding indictment charged Smith with racketeering and alleged as predicate activity the state-law robbery and felony murder of Arzu and Curella. Counts Eight and Nine charged Smith with the firearm-related murder of Arzu and Curella as both the principal and as an aider and abettor in violation of 18 U.S.C. §§ 924(j) and 2.

In advance of trial, Smith made a motion requesting that the district court instruct the jury that it could not find accomplice liability with respect to Counts Eight and Nine unless it first determined that Smith "knew there was a genuine (and not just fanciful o[r] remote) risk that someone would be killed during the robbery." App'x at 42.[1] After the court denied the motion, Smith later pleaded

---

[1] Smith asserted that this instruction was required by *Rosemond v. United States*, 572 U.S. 65 (2014), which – he contends – held that a defendant may only be convicted of aiding and abetting a principal if he intends to facilitate "the entire crime" "with full knowledge of the circumstances constituting the charged offense." *Id.* at 76–77. He argued, in essence, that *Rosemond* displaced the felony-murder rule that Congress had incorporated into section 924(j). *See* 18 U.S.C. § 924(j)(1) (referencing 18 U.S.C. § 1111(a), which states a killing is done with the requisite "malice aforethought" if it results from "the perpetration of . . . [a] robbery"). But Smith did not raise any arguments concerning his status as a principal, which the government charged as an alternative basis for criminal liability on the theory that Smith himself "cause[d] the death of a person through the use of a firearm" in violation of section 924(j).

guilty to Count One and admitted his participation in the robbery and murders. On the government's motion, the other counts were dismissed. The district court ultimately sentenced Smith to 324 months' imprisonment.

On appeal, Smith argues only that his conviction on Count One should be vacated, and his case remanded for unspecified future proceedings, because the district court erred in denying his pretrial motion for a jury instruction with respect to the application of sections 924(j) and 2 in Counts Eight and Nine. "The settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989). A challenge to a jury instruction, which would have only been given in the event that the defendant proceeded to trial, falls into this category. *See United States v. Van Der End*, 943 F.3d 98, 104 (2d Cir. 2019) (finding defendant waived argument that district court was required to submit a question to the jury when he pleaded guilty).

At his plea allocution, Smith confirmed in open court that he understood he was "giving up [his] constitutional rights to a trial" and his "right to appeal or otherwise attack, at any time, the question of whether [he's] guilty or not." App'x at 551; *see also id.* ("You may . . . have a right to appeal with respect to the sentence,

4

but not on the question of whether you did it or not.").  It bears noting that the jury instruction Smith requested from the district court did not pertain to the lone count of conviction, but rather to counts that were in fact dismissed by operation of the plea agreement.   As such, Smith's challenge is clearly waived.

It is true that a defendant may preserve his right to have an appellate court review a specified adverse determination by entering a conditional guilty plea with the consent of the court and the government.   *See Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987); *see also* Fed. R. Crim. P. 11(a)(2).   But where the parties enter into such an agreement, "[t]he issues preserved for appeal must be framed with precision and stated with specificity."   *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996).   Here, Smith's plea agreement provided that "[t]he sole exception to this [appeal] waiver is that [Smith] may appeal the district court's Memorandum and Order entered on April 29, 2022, denying the defendant's motion to suppress his post-arrest statements in this case."   App'x at 674; *see also id.* at 552 (identifying this "specific carveout" at the plea allocution).   Nowhere did the plea agreement preserve a right to appeal related to his request for a jury instruction on the application of section 924(j) or 2.   That is hardly surprising, since Smith did not plead guilty to Counts Eight and Nine, which were ultimately

dismissed by virtue of the plea agreement.   Smith therefore did not preserve his

right to appeal based on these arguments pursuant to Rule 11(a)(2).

*       *       *

For these reasons, we consider Smith's arguments on appeal to be waived.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court