**UNITED STATES of America, Appellee,**

v.

**John COFFIN, Defendant–Appellant.**

No. 353, Docket No. 95–1081.

United States Court of Appeals,
Second Circuit.

Argued Oct. 19, 1995.

Decided Feb. 15, 1996.

Bruce R. Bryan, Syracuse, NY, for Appellant.

Joshua W. Nesbitt, Assistant United States Attorney, Northern District of New York, Albany, NY (Thomas J. Maroney, United States Attorney for the Northern District of New York, Albany, NY, of counsel), for Appellee.

Before: MESKILL, MAHONEY and WALKER, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from a judgment of conviction on a plea of guilty in the United States District Court for the Northern District of New York, Pooler, *J.* We hold that Coffin waived his speedy trial claim when he entered an unconditional plea of guilty without reserving the right to appeal as required by Fed.R.Crim.P. 11(a)(2).

## BACKGROUND

On April 6, 1994, a grand jury indicted appellant John Coffin and co-defendant Christopher Bennett on one count of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846; one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Between April 6, 1994 and November 8, 1994, Coffin filed various pretrial motions, including several motions relating to an alleged violation of his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. Immediately prior to oral argument on the first speedy trial motion on September 16, 1994, the district court granted defense counsel's motion to withdraw from the case and ordered appointment of new counsel. The district judge, however, acquiesced in Coffin's desire to proceed *pro se* with his speedy trial motion. After hearing argument the court denied the motion.

On November 7, 1994, with the court-appointed successor counsel present, the trial began. A jury was selected and sworn. On November 8, 1994, Coffin informed the court that he wished to change his plea. Thereafter, without executing a written plea agreement with the government, Coffin pleaded guilty to all three counts of the indictment. Nothing in the record indicates that Coffin expressed an intention to condition his plea on the right to appeal the denial of his speedy trial claim. Furthermore, the government did not indicate consent to an appeal of the conviction. Nevertheless, at the sentencing on January 30, 1995, the district judge acknowledged Coffin's earlier speedy trial claim and informed him that he could raise that claim on appeal. At the conclusion of the sentencing, the district judge appointed appellate counsel for Coffin.

On appeal, Coffin argues that this Court should reverse his conviction because the government violated his right to a speedy trial and because his initial counsel rendered ineffective assistance. With respect to the speedy trial claim, Coffin contends that more than seventy non-excludable days elapsed between the date of his arraignment and the date of his guilty plea and that the court reserved this issue for appeal at the sentencing. With respect to the ineffective assistance of counsel claim, Coffin contends that it constituted ineffective assistance for his initial defense counsel to (1) stipulate to the exclusion of time from the speedy trial clock without his consent, (2) withdraw without requesting an adjournment of the pending speedy trial motion, and (3) withdraw without preserving appellant's right to assert his speedy trial claim.

The government argues that Coffin may not appeal his conviction because he waived that right when he pleaded guilty without obtaining a court-approved reservation of the right to appeal. The government contends that, in any event, there was no speedy trial violation. With respect to the ineffective assistance of counsel claim, the government contends that counsel's assistance was not ineffective because there was no Speedy Trial Act violation and because Coffin consented to the exclusions of time from the speedy trial calculation.

## DISCUSSION

### I. *Waiver*

■ A knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings. *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir.1989); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir.) (per curiam), *cert. denied,* 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984). Because a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the defendant specifically reserves the right to appeal. *Lebowitz*, 877 F.2d at 209; *United ed States v. LoFranco*, 818 F.2d 276, 277 (2d Cir.1987) (per curiam).

We recently · decided *United States v. Gambino*, 59 F.3d 353 (2d Cir.1995), *petition for cert. filed,* 64 U.S.L.W. 3417 (U.S. Nov. 30, 1995), a case dealing with the issue of waiver of speedy trial rights. In *Gambino* we held that because the public has as great an interest in the speedy disposition of criminal cases as does a defendant, a defendant generally may not waive the protections of the Speedy Trial Act. *Id.* at 359–60. However, *Gambino* addressed waiver only with respect to voluntary exclusions of time from the speedy trial clock, not whether a speedy trial claim is waived by a guilty plea. Because the *Gambino* Court did not even cite *Lebowitz* or *LoFranco* in its discussion of waiver, we do not interpret *Gambino* as altering *Lebowitz* or *LoFranco* in any way.[1]

■ Fed.R.Crim.P. 11(a)(2) provides:

With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant

---

1. Any other interpretation of *Gambino* would ignore our practice of not overruling circuit precedent without an *in banc* vote or at least a statement in the later opinion that it has been circulated to all the members of the Court and no member objects to the later decision. *Cf. Prudential Lines v. McAllister Bros.,* 801 F.2d 616, 621 & n. 1 (2d Cir.1986) (abolishing last clear chance doctrine in maritime law but noting that the panel had circulated the opinion among all active and senior members of the court and that no judge had objected to the opinion); *see also Capital Produce Co. v. United States,* 930 F.2d 1077, 1079 (4th Cir.1991) (observing rule of interpanel accord which, in general terms, requires a panel to request a rehear-

ing *in banc* or to circulate an opinion among the members of the court prior to reversing circuit precedent); *Johnson v. Moral,* 843 F.2d 846 (5th Cir.1988) (same), *rev'd on other grounds, Johnson v. Morel,* 876 F.2d 477 (1989) (in banc) (per curiam); *United States v. Aguon,* 851 F.2d 1158, 1175 (9th Cir.1988) (in banc) (same), *overruled on other grounds, Evans v. United States,* 504 U.S. 255, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992); *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (in banc) (same); *Timmreck v. United States,* 577 F.2d 372, 376–77 n. 15 (6th Cir.1978) (same), *rev'd on other grounds,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

who prevails on appeal shall be allowed to withdraw the plea.

Therefore, in order to reserve an issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing. Fed. R.Crim.P. 11(a)(2); *but see United States v. Markling*, 7 F.3d 1309, 1313–14 (7th Cir. 1993) (upholding conditional plea despite absence of written plea agreement where record revealed unequivocal assent by the government), *cert. denied*, —— U.S. ——, 115 S.Ct. 1327, 131 L.Ed.2d 206 (1995). Both the approval of the court and the consent of the government must be clear and "not left to equivocal inference." *United States v. Mann*, 451 F.2d 346, 347 (2d Cir.1971) (per curiam); *but see United States v. Burke*, 517 F.2d 377, 379 (2d Cir.1975) (imputing consent to the government where the prosecutor remained silent after defendant expressed desire to condition guilty plea on right to appeal and judge indicated willingness to approve a conditional plea). The issues preserved for appeal must be framed with precision and stated with specificity. *See United States v. Pinto–Mejia*, 720 F.2d 248, 256 (2d Cir.1983) (stating that the parties must use "care and precision in framing the issues to be preserved"), *modified*, 728 F.2d 142 (1984).

■ Moreover, a defendant must reserve the right to appeal *at the time of the plea.* "We have never allowed a defendant, after a guilty plea and sentence, to reserve the right to appeal." *United States v. Sykes*, 697 F.2d 87, 89 (2d Cir.1983). Absent exceptional circumstances, such as where the parties execute an agreement reached prior to entering the plea, this Court will not recognize an attempt to reserve the right to appeal *nunc pro tunc. See id.* (recognizing that the Court of Appeals has the power to restore jurisdiction to district court to amend plea agreement but declining to do so where the record indicated that the parties had reached an agreement regarding appeal *after* the guilty plea and sentence). In short, the failure to follow the procedures set forth in Fed. R.Crim.P. 11(a)(2) will result in a valid guilty plea waiving all nonjurisdictional defects in the proceedings below. *See United States v. DePoli*, 628 F.2d 779, 781 (2d Cir.1980) (con-cluding that failure to follow procedures established by the law of the Circuit resulted in waiver).

■ Here, Coffin pleaded guilty with the assistance of counsel. He did not reserve the right to appeal in writing or otherwise. He did not obtain the consent of the government or the approval of the court for a conditional guilty plea. In fact, at the time of the plea, he did not even mention his speedy trial claim. In short, Coffin made no attempt to condition his plea on the right to appeal, as authorized by Rule 11(a)(2). Therefore, Coffin's guilty plea was unconditional and effectively waived all nonjurisdictional defects in the proceedings below, including the alleged violation of the Speedy Trial Act.

■ The comments by the district judge at the sentencing, regarding Coffin's right to appeal his speedy trial claim, did not preserve *nunc pro tunc* or restore his right to appeal that issue. The actions of the district judge were *sua sponte;* they did not follow a formal request by Coffin and explicit consent by the government. Absent unusual circumstances, such as evidence of an earlier agreement between Coffin and the government, these comments could not operate *nunc pro tunc* to condition Coffin's plea of guilty on the right to appeal. *Sykes*, 697 F.2d at 89. Thus, the district judge's misstatement at sentencing does not change the outcome here. Furthermore, Coffin was not prejudiced by the statement in any way. There was not, nor could there be, any detrimental reliance on the statement. It was already too late to condition the plea.

## II. *Ineffective Assistance of Counsel*

■ A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). In other words, "the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had

been made intelligently and voluntarily with the advice of competent counsel." *Id.* at 265, 93 S.Ct. at 1607.

The two-part standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating ineffective assistance of counsel claims applies in the context of guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985). First, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064. Second, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

■ Although Coffin complains of ineffective assistance of counsel, his specific complaints are directed only toward his original counsel. He does not claim that his successor counsel, who represented him at the time of his plea, rendered ineffective assistance. Nor does he claim that, were it not for his representation at the time of his plea, he "would not have pleaded guilty and would have insisted on going to trial." *Id.* His claims all relate to the legal assistance provided by his initial counsel prior to the guilty plea. For the reasons discussed above, Coffin's guilty plea effectively waived all ineffective assistance claims relating to events prior to the guilty plea. Even if we were to construe Coffin's claims to allege that the initial counsel was ineffective in failing to preserve his *right to appeal* the speedy trial claim, such a claim would be meritless because, as noted, a defendant must preserve his right to appeal at the time of the plea in conformity with Fed.R.Crim.P. 11(a)(2). As initial counsel withdrew prior to that time, he had neither the obligation nor the opportunity to preserve Coffin's right to appeal.

## CONCLUSION

For the reasons stated above, the judgment of the district court is affirmed.