**UNITED STATES of America,**
**Appellee,**

v.

**Domingo DE LA PAZ, also known as Franklin, also known as Frank Steak, also known as Francisco Perez; Rafael Caba, also known as Chino; Jose Martinez, also known as Maltire, Defendants,**

**Raul Romero BULTON, Defendant–Appellant.**

**No. 01–1140.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2001.

Howard M. Simms, New York, NY, for appellant.

William C. Silverman, Assistant U.S. Attorney, Southern District of New York, New York, NY, for appellee.

Present FEINBERG, MCLAUGHLIN, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant Raul Romero Bulton appeals from a judgment of conviction of the district court, following a guilty plea, in which Bulton was convicted of conspiracy to distribute and possess with intent to distribute cocaine, crack, and heroin, in violation of 21 U.S.C. § 846, illegal reentry after deportation subsequent to a conviction for criminal sale of a controlled substance in the second degree in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), and knowingly making a false material declaration while under oath in a proceeding before a court of the United States in violation of 18 U.S.C. § 1623, and sentenced principally to 108 months' imprisonment.

On appeal, Bulton contends that he was coerced by his counsel into withdrawing an affidavit that concerned his challenge to evidence obtained when members of a joint Federal Bureau of Investigation–New York City Police Department task force answered his cellular phone just after he had been arrested. Bulton argues that this constituted ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and asks this Court to remand to the district court for further factfinding with respect to this claim.

"A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin,* 76 F.3d 494, 498 (2d Cir.1996). Because Bulton does not challenge his guilty plea, his argument is foreclosed. We therefore affirm the judgment of the district court.

For the reasons set forth above, the judgment of the district court is AFFIRMED.