**UNITED STATES of America, Appellee,**

v.

**Troy THOMPSON, also known as Gumby, Defendant–Appellant.**

No. 02–1348.

United States Court of Appeals, Second Circuit.

Jan. 24, 2003.

Larry Sheehan, Scarsdale, NY, for Appellant.

Stephen A. Miller, Assistant United States Attorney, (Celeste L. Koeleveld, Assistant United States Attorney, on the brief for, James B. Comey, United States Attorney for the Southern District of New York), for Appellee.

PRESENT: VAN GRAAFEILAND, KEARSE, and PARKER, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day of January, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Thompson appeals from a judgment of conviction entered on May 14, 2002, in the United States District Court for the South-

---

ern District of New York, following a guilty plea to all counts of his indictment. Thompson was charged with four counts of distributing or possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Following his conviction, Thompson was sentenced to a term of 71 months' imprisonment, five years' supervised release and a special assessment of $400. On appeal, Thompson makes two claims: (1) violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq,* based on six continuances occurring between his arrest and his preliminary hearing, while plea negotiations with the government were ongoing; (2) ineffective assistance of counsel by his two prior counsel, who represented him during the pre-indictment plea negotiations.

"[A] defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989). "Because a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the defendant specifically reserves the right to appeal." *United States v. Coffin,* 76 F.3d 494, 496 (2d Cir.1996). In order to enter a conditional plea, "a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *Id.* at 497; *see also* F.R.Cr.P. 11(a)(2). Thompson made no attempt to condition his plea on the right to appeal, as authorized by Rule 11(a)(2). Accordingly, Thompson's guilty plea was unconditional and waived all nonjurisdictional defects, including the alleged violation of the Speedy Trial Act.

Thompson's ineffective assistance of counsel claim is that his two prior counsel-who represented Thompson during the pre-indictment plea negotiations, but not

during his plea-failed adequately to consult with him before requesting continuances during the pre-indictment plea negotiations with the government. This claim is not available to Thompson. Ineffective assistance claims challenging the assistance of counsel prior to the entry of an unconditional guilty plea, and unrelated to that plea, may not be raised on appeal. *See Coffin,* 76 F.3d at 497–98; *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

The judgment of the District Court is AFFIRMED.