UNITED STATES of America,
Appellee,

v.

Anthony O. KEITH, aka "Prince,"
Defendant–Appellant.

Docket No. 02–1068.

United States Court of Appeals,
Second Circuit.

March 13, 2003.

---

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, D.J.).

Howard D. Simmons, New York, NY, for Appellant.

Tina E. Sciocchetti, Assistant United States Attorney for the Northern District of New York, (Glenn T. Suddaby, United States Attorney, Carlos A. Moreno, Assistant United States Attorney, Northern District of New York, on the brief), Albany, NY, for Appellee.

Present: WALKER, Chief Judge, JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Anthony O. Keith appeals from a judgment of conviction entered on January 16, 2002, by the United States District Court for the Northern District of New York (Hurd, *D.J.*), after he pleaded guilty to possession with intent to distribute crack cocaine and heroin, in violation of 21 U.S.C. § 841. The court sentenced him to 120 months' imprisonment.

Keith argues on appeal that: 1) his counsel was ineffective in failing to file a suppression motion; 2) the district court abused its discretion in denying Keith's request for an adjournment for defense counsel to investigate and file a belated motion to suppress; and 3) his counsel was ineffective due to a conflict of interest, having represented a government informant in a related case.

It is well-established that, unless conditional, a guilty plea waives all non-jurisdictional defects, except those relating to the voluntary and intelligent character of the guilty plea. *See United States v. Coffin,* 76 F.3d 494, 496–97 (2d Cir.1996); *United States v. Selby,* 476 F.2d 965, 966 (2d Cir.1973). Keith has not argued, and offers no evidence, that these errors (including his claims of ineffectiveness of counsel) affected the voluntary and intelligent character of his plea.

When a defendant pleads guilty, he may reserve an issue for appellate review only if the plea is conditional and he obtains the approval of the court and consent of the government in accordance with Fed. R.Crim.P. 11(a)(2), and he must reserve the right to appeal in writing. *See Coffin,* 76 F.3d at 497. In the plea proceedings, the district court stated that it was granting Keith's request to reserve the right to appeal the court's decision not to adjourn trial for defense counsel to investigate and file a motion to suppress. However, Keith did not obtain the consent of the government and he does not offer any documentation in writing. Courts have recognized an exception when the record revealed the government's unequivocal consent, *United*

*States v. Markling,* 7 F.3d 1309, 1313–14 (7th Cir.1993), and at most, when the government had been silent on the matter when the defense requested the right to appeal, *see United States v. Burke,* 517 F.2d 377, 379 (2d Cir.1975); *but see Coffin,* 76 F.3d at 497. When the defense requested the right to appeal, the government stated, "I understand that this is not a conditional plea. However, if it were a conditional plea, we would object to that, your Honor." The record is clear that the government did not consent to Keith's right to appeal, and thus the issue was not properly reserved for appeal.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**