**UNITED STATES of America,**
**Appellee,**

v.

**Patrick BRYAN, Defendant–Appellant.**

No. 03–1373.

United States Court of Appeals, Second Circuit.

Feb. 13, 2004.

On submission (Larry Sheehan, Scarsdale, NY, on the brief), for Appellant.

Joey Lipton, Assistant U.S. Attorney, E.D.N.Y. (Roslynn R. Mauskopf, U.S. Attorney and Susan Corkery, Assistant U.S. Attorney, on the brief), for Appellee.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Patrick Bryan appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Gershon, *J.*) on June 12, 2003. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

1. In reviewing a challenge to sufficiency, this Court "view[s] the evidence in the light most favorable to the government, ... construe[s] all permissible inferences in its favor, resolve[s] all issues of credibility in favor of the jury's verdict, and uphold[s] a conviction if any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *United States v. Reyes,* 157 F.3d 949, 955 (2d Cir.1998) (citations, brackets, and emphasis omitted). Ample evidence was presented at trial for a rational trier of fact to find the essential elements of the crimes charged beyond a reasonable doubt. Courtney Brown's credibility cannot matter; he did not testify, and the court properly instructed the jury that Brown's voice on the tapes was

to be considered only as context for Bryan's admissions.

2. Bryan waived his right to invoke the Speedy Trial Act. "Because a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim unless the defendant specifically reserves the right to appeal." *United States v. Coffin,* 76 F.3d 494, 496 (2d Cir.1996). To reserve an issue for appeal after a guilty plea, "a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing" at the time of the plea. *Id.* at 497. The record shows no such reservation.

3. "[A] district court's refusal to depart downwardly is not appealable unless the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence." *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). Because Bryan has not argued that the district court's refusal to grant a downward departure was based on a legal error or a misapprehension of its authority, this Court lacks jurisdiction to consider this portion of his appeal.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED in part, and the appeal is in remaining part DISMISSED.