**UNITED STATES of America,**
**Appellee,**

v.

**Carlos MARTINEZ, aka Cero Doce,**
**Defendant–Appellant.**

No. 03–1665.

United States Court of Appeals,
Second Circuit.

Jan. 14, 2005.

Joshua L. Dratel (Marshall A. Mintz), Joshua L. Dratel, P.C., New York, NY, for Appellant, of counsel.

Daniel A. Braun, Assistant United States Attorney (Marc A. Weinstein, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: KEARSE, CABRANES and SACK, Circuit Judges.

**SUMMARY ORDER**

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant's appeal be and it hereby is **DISMISSED.**

Defendant Carlos Martinez appeals from the judgment of the District Court, sentencing defendant principally to 120

months' imprisonment following defendant's plea of guilty to conspiring to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and attempting to commit extortion, in violation of 18 U.S.C. § 1951. On appeal, defendant reiterates an argument he raised in the District Court in connection with sentencing, namely that his sentence violates the constitutional guarantees of equal protection and due process because the mandatory minimum sentencing provisions of 21 U.S.C. § 841(1) disproportionately affect Hispanics and (2) improperly vest sentencing discretion in the hands of the prosecutor, rather than the court. For the reasons that follow, we dismiss the appeal.

A defendant who pleads guilty unconditionally admits his guilt and waives his right to appeal all nonjurisdictional issues. *See United States v. Lasaga* 328 F.3d 61, 64 & n. 2 (2d Cir.2003) (citing *United States v. Maher,* 108 F.3d 1513, 1528–29 (2d Cir.1997)). "[I]n order to reserve [a nonjurisdictional] issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *United States v. Coffin,* 76 F.3d 494, 497 (2d Cir.1996); *see also* Fed.R.Crim.P. 11(a)(2). In the instant case, defendant made his present constitutional arguments in his counsel's letter to the court (Letter from Joshua L. Dratel to The Honorable George B. Daniels, dated October 31, 2003, at 1), noting that his due process and equal protection challenges seemed "foreclose[d]" by "current caselaw" and that he sought to "preserve the issues for future litigation" (*id.* at 6 n. 3). However, the record reveals that defendant had entered his pleas of guilty to the various counts against him without reserving any right to appeal any issue. (*See* Plea Hearing Transcript, Nov. 19, 2002; Plea Hearing Transcript, April 1, 2003.) Even the possibility of such a res-

ervation does not appear to have been raised, and no reservation prior to entry of the pleas was approved by the District Court. Defendant's pleas of guilty were unconditional. Although at the sentencing hearing, the District Court stated that it was "appropriate" for defendant "to raise the issue here, to preserve that issue for the Second Circuit or the Supreme Court to give further guidance to the district courts with regard to that issue" (Sentencing Transcript, November 4, 2003, at 8), defendant's failure to enter a conditional plea bars him from raising these nonjurisdictional issues on appeal.

We note that, had defendant's due process and equal protection challenges to mandatory minimum sentences been properly preserved for appellate review, we would reject them. The argument that § 841's mandatory minimum sentences violate equal protection principles because such sentences may fall disproportionately on racial minorities has been rejected by this Court. *See United States v. Coleman,* 166 F.3d 428, 430–31 (2d Cir.1999); *United States v. Teague,* 93 F.3d 81, 84–85 (2d Cir.1996); *United States v. Then,* 56 F.3d 464, 466 (2d Cir.1995); *see also Washington v. Davis,* 426 U.S. 229, 242, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) (recognizing that a law is not unconstitutional solely because it has a racially disproportionate impact); *Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (finding mandatory minimum sentences under 21 U.S.C. § 841 consistent with due process). We have also held that there is "no procedural due process right to an individualized sentence, and to the judicial discretion that it accords, in a noncapital crime." *United States v. Delibac,* 925 F.2d 610, 615 (2d Cir.1991) (citing *United States v. Vizcaino,* 870 F.2d 52, 56 (2d Cir.1989)). Because "it is [the Supreme Court's] prerogative alone to overrule one of its precedents," *State Oil v. Khan,* 522 U.S. 3, 20, 118 S.Ct. 275, 139

L.Ed.2d 199 (1997), and because we are bound by our own prior precedents unless such precedents are overturned *in banc, see, e.g., Monsanto v. United States,* 348 F.3d 345, 351 (2d Cir.2003), defendant would be entitled to no relief even if we had jurisdiction to entertain his appeal.

\* \* \* \* \* \*

Because defendant entered unconditional pleas of guilty and raised no jurisdictional contentions on this appeal, the appeal is hereby **DISMISSED.**