**UNITED STATES of America, Appellee,**

v.

**Francisco PEREZ, Defendant–Appellant.**

**No. 07–0916–cr.**

United States Court of Appeals, Second Circuit.

June 19, 2009.

---

stituted for former New York State Attorney General Eliot Spitzer as party to this case.

** The Honorable Timothy C. Stanceu, United States Court of International Trade, sitting by designation.

1. These exceptions do not apply here.

Michael J. Garcia, United States Attorney, Southern District of New York (Anna E. Arreola, Katherine Polk Failla, Assistant United States Attorneys, Of Counsel), New York, NY, for Appellee.

Francisco Perez, Youngstown, OH, pro se.

Present: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. RICHARD K. EATON,* Judge.

### SUMMARY ORDER

Francisco Perez appeals from his conviction, after a guilty plea, of one count of illegal re-entry, and his 70–month sentence

* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

of imprisonment.** We assume the parties' familiarity with the facts, proceedings below, and issues raised on appeal, and we hold as follows.

*Conviction*

■ Even if Perez's challenge to his conviction had substantive merit, he would be barred from bringing it now. "[A] defendant who pleads guilty unconditionally admits his guilt and waives his right to appeal all nonjurisdictional contentions." *United States v. Maher,* 108 F.3d 1513, 1528 (2d Cir.1997). After a guilty plea, a defendant may not pursue "the merits of [the defendant's independent] claims as such, but rather whether the guilty plea had been intelligently and voluntarily made with the advice of competent counsel." *United States v. Coffin,* 76 F.3d 494, 497–98 (2d Cir.1996) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). Here, Perez does not assert that his plea was not knowing or voluntary, or that the plea hearing was otherwise defective, and he wishes to raise only his independent claims that his deportation order and the indictment against him were defective. His claim is barred.

If we were to review Perez's challenge to his conviction, we would find it meritless. Contrary to Perez's arguments on appeal, *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), has no bearing on his case. In *Lopez,* the Supreme Court held that a state drug conviction for an offense that is made a felony under state law, but whose elements describe conduct that is only a misdemeanor under federal law, is not an aggravated felony. 549 U.S. at 60, 127 S.Ct. 625. That holding does not affect the validity of the underlying deportation order in this case, which was based on Perez's conviction for a controlled substance offense. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (making deportable any alien convicted of a violation relating to a controlled substance, other than a single offense involving possession of marijuana).

*Sentence*

■ In reviewing a sentence, this Court is required to determine whether the sentence is "reasonable." *United States v. Carr,* 557 F.3d 93, 107 (2d Cir.2009) (quoting *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007)). In making that determination, the Court uses "the familiar abuse-of-discretion standard of review," regardless of whether the sentence was within or outside the Guidelines-recommended range. *Carr,* 557 F.3d at 107 (citing *Gall,* 128 S.Ct. at 591, 594). Reasonableness review has both a procedural and a substantive component. *See, e.g., United States v. Irving,* 554 F.3d 64, 71–72 (2d Cir.2009). In the absence of record evidence suggesting otherwise, this Court, in reviewing the procedural reasonableness of a sentence, presumes that the district court has faithfully discharged its duty to consider the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Brown,* 514 F.3d 256, 264 (2d Cir.2008). In reviewing a sentence for substantive reasonableness, the Court is guided by the § 3553(a) factors that the sentencing court is required to apply. *See, e.g., Carr,* 557 F.3d at 107.

We conclude that Perez's sentence is procedurally reasonable. *Lopez* is as irrelevant to Perez's sentence as it is to his conviction. First, as explained above, Perez's challenge to his deportation order is

** Perez was found in violation of supervised release in the same district court proceedings, and sentenced to 12 months imprisonment, to be served concurrently with the 70–month term of imprisonment imposed for the new conviction. He has not challenged the finding of violation or the corresponding sentence on this appeal.

**300**

meritless. Second, U.S.S.G. § 2L1.2(b)(1)(A) imposes a 16–level enhancement where, *inter alia,* a defendant has previously been deported after "a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months." Perez's June 1999 conspiracy conviction, which carried a 57–month sentence, fits this description. The language of § 2L1.2 simply requires that the offense be "a felony," not "a felony punishable under the Controlled Substances Act," and it is only with the meaning of the latter term that *Lopez* was concerned. 549 U.S. at 50, 127 S.Ct. 625. We conclude that the district court properly calculated Perez's Guidelines range, including the 16–level enhancement pursuant to § 2L1.2(b)(1)(A). We also conclude that the district court properly considered each of the factors in § 3553(a).

█ We further conclude that Perez waived any objection to the presentence report's use of police reports, as he failed to raise an objection in the district court. *See United States v. Rizzo,* 349 F.3d 94, 99 (2d Cir.2003) ("[I]f a defendant fails to challenge factual matters in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal."). Furthermore, because Perez did not object to the PSR at sentencing, the district court was entitled to accept the PSR as undisputed fact. *See* Fed. R.Crim.P. 32(i)(3)(A).

█ Finally, we conclude that Perez's sentence is substantively reasonable. The district court did not abuse its discretion in concluding that a sentence of 70 months, the bottom end of the Guidelines range, was appropriate, given: (1) Perez's criminal record, including his previous conviction for illegal re-entry, and the failure of a

57–month sentence for that offense to deter Perez from illegally re-entering the United States a second time; and (2) the other factors enumerated in § 3553(a).

We have considered all of Perez's other claims, and we find them to be without merit. Accordingly, the judgment of conviction and the sentence are AFFIRMED.