**UNITED STATES, Appellee,**

v.

**Devon DERVERGER, Defendant–Appellant.**

**No. 08–5204–cr.**

United States Court of Appeals, Second Circuit.

July 14, 2009.

---

Gene V. Primomo, Assistant Federal Public Defender (Molly K. Korbett, Research & Writing Attorney, on the brief), Federal Public Defender Office, Albany, NY, for Appellant.

Brenda K. Sannes, Assistant United States Attorney (Robert A. Sharpe, Assistant United States Attorney, on the brief), for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges, and EDWARD R. KORMAN, Judge.*

## SUMMARY ORDER

Defendant Devon Derverger, who pleaded guilty to one count of possessing a modified shotgun without a serial number, *see* 26 U.S.C. §§ 5845(a)(2), 5861(c) & 5871, appeals the denial of his motion to suppress evidence seized incident to a traffic stop. Derverger specifically reserved his right to appeal this ruling in his plea agreement. *See United States v. Coffin,* 76 F.3d 494, 497 (2d Cir.1996); Fed. R.Crim.P. 11(a)(2). We review a district court's factual findings on a motion to suppress for clear error and its conclusions of law *de novo. See United States v. Elmore,* 482 F.3d 172, 178 (2d Cir.2007). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Derverger does not here contest the initial validity of the traffic stop, nor the factual findings of the court. Rather, he argues that the officers' conduct in connection with the stop was unreasonable. Specifically, he contends that their questions about his nervous demeanor and the contents of his car, as well as their patdown search of his person "were not reasonably related" to the seat belt infraction for which he was stopped, thereby violating the Fourth Amendment's protection against unreasonable searches and seizures. A "seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." *Illinois v. Caballes,* 543 U.S. 405, 407, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). That, however, is not this case.

■ With respect to the challenged questioning, the Supreme Court recently reaffirmed that "[a]n officer's inquiries into matters unrelated to the justification for the traffic stop ... do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the

---

* District Judge Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

stop." *Arizona v. Johnson*, —— U.S. ——, 129 S.Ct. 781, 788, 172 L.Ed.2d 694 (2009); *see also Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005) ("We have held repeatedly that mere police questioning does not constitute a seizure." (internal quotation marks omitted)). The district court found that the questioning here at issue lasted "no more than five minutes." *United States v. Derverger*, No. 07 Cr. 147, 2008 WL 819040, at *3 (N.D.N.Y. Mar.24, 2008). We conclude without any need for further factfinding that the five minutes of questioning did not significantly extend the time Derverger was detained. *See United States v. Sharpe*, 470 U.S. 675, 685, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (rejecting "rigid time limitation" on investigative stops).

■ Derverger also contends that his nervous appearance was insufficient to give rise to the reasonable suspicion necessary to justify a search for weapons on his person. *See Arizona v. Johnson*, 129 S.Ct. at 784 (holding that patdown incident to traffic stop must be supported by "reasonable suspicion that the person ... is armed and dangerous"). This argument fails because it overlooks a key fact in the sequence of events during the stop: The challenged patdown occurred only *after* Derverger admitted that he had a shotgun in the trunk of his vehicle. *See United States v. Derverger*, 2008 WL 819040, at *2. This admission gave rise to a "reasonable suspicion" that Derverger might also have a weapon on his person. *See United States v. Massey*, 461 F.3d 177, 179 (2d Cir.2006) (holding that machete in plain view in defendant's bedroom gave reasonable suspicion to conduct further bedroom search for additional contraband).

We have considered Derverger's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the order of the district court.