13-2607-cr
United States v. Finch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand fourteen.

PRESENT: REENA RAGGI,
　　　　　DENNY CHIN,
　　　　　SUSAN L. CARNEY,
　　　　　　　*Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
　　　　　　　*Appellee*,


　　　　v.　　　　　　　　　　　　　　　　　　No. 13-2607-cr


MICHAEL WAYNE FINCH,
　　　　　　　*Defendant-Appellant.*
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:　　CHERYL MEYERS-BUTH, Murphy Meyers LLP, Orchard Park, New York.

APPEARING FOR APPELLEE:　　JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*; H. Kenneth Schroeder, Jr., *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 28, 2013, is AFFIRMED.

Defendant Michael Wayne Finch, who stands convicted on a guilty plea of possessing a firearm after having been convicted of a felony, see 18 U.S.C. § 922(g)(1), challenges the district court's denial of his motion to suppress, arguing that the police lacked reasonable suspicion to stop his vehicle in violation of the Fourth Amendment. While we review the district court's factual findings for clear error and its legal conclusions de novo, see United States v. Aguiar, 737 F.3d 251, 255 (2d Cir. 2013), we may also affirm on any ground supported by the record, see United States v. Peters, 732 F.3d 93, 103 n.3 (2d Cir. 2013). In applying these principles, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[1]

---

[1] Finch also conclusorily contends that the duration of the traffic stop was unconstitutionally unreasonable. We do not review the district court's rejection of this argument because Finch's plea agreement limited his right to appeal "solely" to his claim that the "evidence against him should be suppressed on the ground that the initial traffic stop on November 19, 2009 was unreasonable," J.A. 358 (emphasis added). See United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) (stating that issue preserved for appeal in plea agreement "must be framed with precision and stated with specificity" such that "approval of the court and the consent of the government must be clear and not left to equivocal inference" (internal quotation marks omitted)).

A police officer may stop an automobile consistent with the Fourth Amendment if he has a "reasonable basis to think that the person to be detained 'is committing or has committed a criminal offense.'" United States v. Bailey, 743 F.3d 322, 332 (2d Cir. 2014) (quoting Arizona v. Johnson, 555 U.S. 323, 326 (2009)). This standard does not demand probable cause, but "only facts sufficient to give rise to a reasonable suspicion that criminal activity 'may be afoot.'" Id. (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). Further, "while a reviewing court cannot merely defer to police officers' judgment in assessing reasonable suspicion, the court must view the totality of the circumstances through the eyes of a reasonable and cautious police officer on the scene." Id. (internal quotation marks omitted).

Here, when police stopped Finch for a purported traffic violation on November 19, 2009, they had reasonable suspicion to think that he was in unlawful possession of a firearm. Prior to pulling over Finch's vehicle, police were aware that (1) a concerned citizen known to the police reported personally observing "Michael"—a white male in his fifties who lived in a white Dodge conversion van with New York registration EVN2005—possess firearms in the van as recently as November 16, 2009; (2) the citizen stated that "Michael's" van was typically parked outside an apartment building in Sanborn, New York; (3) the referenced van was registered to Finch; (4) Finch had not been issued a New York state pistol permit; and (5) while police were procuring a search warrant for the van, which later issued, an officer observed Finch depart from the identified Sanborn

3

apartment building in the Dodge van. In such circumstances, the police had reasonable suspicion to think that Finch possessed a firearm unlawfully, and thus the stop comported with the Fourth Amendment, without regard to the challenged traffic violation relied on by the district court. See id. at 332–35 (identifying reasonable suspicion to stop defendant emerging from apartment for which police had probable cause to think drugs and gun located where defendant matched description of apartment's resident); United States v. Salazar, 945 F.2d 47, 50–51 (2d Cir. 1991) (holding that height, coloring, gender, and ethnicity supported stop of person approaching residence described by informant as site of criminal activity); see also Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (noting that even if "actual arresting or searching officer lacks the specific information to form the basis for . . . reasonable suspicion," stop may be lawful if sufficient information "was known by other law enforcement officials initiating or involved with the investigation" (internal quotation marks and alterations omitted)). Accordingly, Finch's Fourth Amendment challenge fails on the merits.

We have considered Finch's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4