20-3408-cr
United States v. Dumas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                    20-3408

BRANDON L. DUMAS,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | ANDREW R. SAFRANKO, Lamarche Safranko Law PLLC, Albany, NY. |
| **FOR APPELLEE:** | ELIZABETH C. COOMBE (Steven D. Clymer, *on the brief*), *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On September 29, 2017, an acquaintance of Defendant Brandon L. Dumas ("witness") made a report to the Federal Bureau of Investigation ("FBI") concerning exploitation of a minor by Dumas. That day, the witness had received from Dumas over Facebook messenger a picture of Dumas's face covered in feces and a picture of a boy wearing only a shirt sitting on the chest of an unidentifiable adult male, along with messages suggesting that he was sexually abusing the child. Christopher R. Smith, an Investigator with the Colonie Police Department and Task Force Officer with the FBI, verified the report and submitted a search warrant application. On October 5, the local criminal court in Colonie issued a search warrant authorizing the seizure of property "believed to contain evidence that will constitute, substantiate or support violations of Articles 130/235/263/260 of the Penal Law of the State of New York." App'x at 96. The search warrant was executed the following day by members of the Albany FBI Child Exploitation Task Force, including Smith, and they seized Dumas's cell phone and laptop, which both contained images and videos of child pornography.

Dumas was indicted on two counts of distribution of child pornography, 18 U.S.C. § 2252A(a)(2)(A), one count of receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), and two counts of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Dumas moved to suppress physical evidence seized during the warrant execution, arguing that the warrant was overbroad and not sufficiently particular, that the good-faith exception to the exclusionary rule should not apply, and alternatively, that he was entitled to a *Franks* hearing. The district court

found that the warrant was insufficiently particular but denied the motion, concluding that the good-faith exception to the exclusionary rule applied. Dumas entered a conditional guilty plea to all counts in the indictment, preserving his right to appeal the district court's application of the good-faith exception. Dumas timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The government does not dispute that the warrant was insufficiently particular to satisfy the Fourth Amendment because the warrant allowed officers to seize evidence of 47 different crimes within Articles 130, 235, 260, 263 of the New York Penal Law, many of which were unrelated to the evidence in the warrant application. The parties dispute only whether the district court erred by applying the good-faith exception to the exclusionary rule, which we review de novo. *See United States v. Caraher*, 973 F.3d 57, 61 (2d Cir. 2020).

Although exclusion of evidence is the typical remedy for a Fourth Amendment violation, the Supreme Court has recognized a good-faith exception when law enforcement officers act in objectively reasonable reliance on a warrant that is later invalidated. *See United States v. Leon*, 468 U.S. 897, 922 (1984). The Court identified four circumstances where the good-faith exception would not apply:

> (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable.

*United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992) (citing *Leon*, 468 U.S. at 923). Dumas argues that the first, third, and fourth circumstances apply here.

First, Dumas argues that Smith knowingly misled the magistrate in his warrant application by (1) stating that Dumas was the unidentifiable male in the picture with the boy; (2) redacting the

3

photo of the boy and stating that the boy's buttocks was "exposed," suggesting the photo was more explicit than it actually was; and (3) omitting Dumas's statement "Jk just messing w you" in Smith's description of the investigation. App'x at 105, 111. We are unpersuaded. Although the government acknowledges that Dumas cannot be positively identified in the picture with the boy, it was reasonable to infer that Dumas was the adult male in the picture based on his messages. Dumas had just stated that he was "spending tons of time with" his friend's ten-year-old son; Dumas sent the photo with the message, "Today"; and after sending the picture, Dumas stated, "It's the fact that it ain't right which is so hot[.] Like playin w him for example." App'x at 110–11. Nor was it misleading to describe the boy's buttocks as "exposed"—the boy in the photo is wearing only a shirt and the side of his buttocks is visible. And Smith attached a copy of the entire Facebook messenger conversation, which included the "Jk just messing w you" message, to the warrant application.

Dumas also contends that although his messages might be sufficient for probable cause of child abuse, they were not sufficient for probable cause of child pornography. We disagree. Through his messages, Dumas not only described sexual abuse of a minor, but he also sent pictures—one of which depicted a boy wearing only a shirt—documenting his behavior. Based on this information, it was reasonable to infer that Dumas had taken additional pictures of the boy that would constitute child pornography.[1]

---

[1] Dumas also claims that describing the boy's buttocks as "exposed" and redacting the photo made it seem like an example of child pornography when it was not. As explained above, the warrant application was not misleading, and even if the photo was unredacted and Smith decided to use a different description, Dumas's messages would still be sufficient to establish probable cause of child pornography. *See United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) ("The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." (cleaned up)).

4

Finally, Dumas argues that the warrant was so facially deficient that reliance upon it was unreasonable. He attempts to distinguish this case from *United States v. Rosa*, in which we held that the good-faith exception applied. 626 F.3d 56, 64–66 (2d Cir. 2010). We are unconvinced. Here, the warrant, though deficient, was more specific than the one in *Rosa*, which permitted police to seize and search items "which would tend to identify criminal conduct." *Id.* at 58. And, as in *Rosa*, "[t]he search warrant application" here "ma[de] clear that the purpose of the search was to obtain evidence of child pornography and child [sexual abuse]" where it stated:

> there is cause to believe that there is sexual abuse of a minor by Brandon L. Dumas and that [his] computer or computers . . . may contain images of child pornography, and that Brandon L. Dumas . . . has made these images of child pornography available for distribution via the Internet, in violation of Articles 130/235/263/260 of the New York State Penal Law.

*Id.* at 65; App'x at 105.

Additionally, Smith was the affiant in the application and was involved in the execution of the search warrant, and thus "was intimately familiar with the contemplated limits of the search." *Rosa*, 626 F.3d at 65; *cf. In re 650 Fifth Ave.*, 934 F.3d 147, 163 (2d Cir. 2019) (holding that the good-faith exception did not apply in part because "there [was] no evidence that anyone on the search team reviewed the [agent's] affidavit before the search or heard from [the agent] during the operations briefing"). And the agents seized only Dumas's phone and laptop, so there was "no evidence that the team of officers searched for, or seized, any items that were unrelated to the crimes for which probable cause had been shown." *Rosa*, 626 F.3d at 65; *cf. In re 650 Fifth Ave.*, 934 F.3d at 164 (government "seized over two hundred boxes of evidence and several computers").

In sum, what occurred here was not the "deliberate, reckless, or grossly negligent conduct" or "recurring or systemic negligence" that the exclusionary rule is meant to deter,

and law enforcement's conduct was not sufficiently culpable or deliberate to make deterrence "worth the price paid by the justice system." *Herring v. United States*, 555 U.S. 135, 144 (2009).

We have considered the remainder of Dumas's arguments and find them to be without merit.[2]  Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Dumas waived his *Franks* hearing claim by failing to preserve this issue in his conditional plea agreement.  *See United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) ("The issues preserved for appeal must be framed with precision and stated with specificity.").  In any event, as explained above, Dumas's claim fails on the merits because he has not shown that Smith "intentionally or recklessly" included a "false statement . . . integral to the probable cause finding."  *Caraher*, 973 F.3d at 62.