22-1637-cr
United States of America v. Pratt

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
            *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                         No. 22-1637-cr

CHRISTOPHER J. PRATT,

     *Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: RICHARD D. WILLSTATTER (Theodore S. Green, *on the brief*), Green & Willstatter, White Plains, NY

FOR APPELLEE: PAUL David Silver, Rajit Singh Dosanjh, Assistant United States Attorneys, for Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Christopher J. Pratt appeals from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) convicting him of (1) distribution of child pornography, (2) receipt of child pornography, and (3) possession of child pornography involving prepubescent minors or minors under the age of 12, in violation of 18 U.S.C §§ 2252A(a)(2)(A), 2252A(b)(1), 2252A(b)(2), 2252A(a)(5)(B), and 2256(8)(A). In July 2019 the District Court denied Pratt's pre-trial motion to suppress evidence seized during a search of his home, as well as statements he made to police. In August 2021, pursuant

to a written plea agreement, Pratt entered a conditional guilty plea to all three counts, reserving his right to appeal the District Court's denial of his motion to suppress evidence. Pratt was later sentenced principally to a term of 148 months' imprisonment. On appeal, Pratt challenges the denial of his motion to suppress. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The written plea agreement permits Pratt to raise only two issues on appeal: (1) "[w]hether the June 1, 2017 search warrant established probable cause to believe that child pornography would be found in [his] home," and (2) "[w]hether law enforcement acted in good faith reliance on the June 1, 2017 search warrant when searching [his] home on June 5, 2017." App'x 142. On appeal, Pratt makes the additional argument that his statements to police should be suppressed. We conclude that Pratt has waived that argument, however, because it was not clearly included in the plea agreement's reservation of issues for appellate review. *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996).

"On appeal from a district court's ruling on a motion to suppress, we review the court's factual findings for clear error. We review the court's legal

3

determinations, including the existence of probable cause and the good faith of officers relying on a search warrant, de novo." *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015).

Pratt argues that there was no probable cause supporting the warrant in this case because "no verbal description of the [computer] files was provided" to the judge who authorized the warrant. Appellant's Br. 17(quotation marks omitted). Pratt also argues that the information contained in the search warrant was "too stale to be relied upon" because the "warrant application described just a single download of files . . . eight months prior to the application." Appellant's Br. at 21-22; *see Raymonda*, 780 F.3d at 114 ("[W]e may conclude that a warrant lacks probable cause where the evidence supporting it is not sufficiently close in time to the issuance of the warrant that probable cause can be said to exist as of the time of the search — that is, where the facts supporting criminal activity have grown stale by the time that the warrant issues.") (quotation marks omitted).

We need not resolve the probable cause issue because we agree with the District Court that the good faith exception to the exclusionary rule applies even assuming that probable cause was lacking. *See United States v. Jones*, 43 F.4th 94, 110–11 (2d Cir. 2022); *United States v. Boles*, 914 F.3d 95, 103 (2d Cir. 2019). Pratt

4

relies on our decision in *Raymonda* to argue that the good faith exception does not apply for two reasons.

First, Pratt describes the warrant as "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Appellant's Br. 7. The issue of whether a warrant contains adequate indicia of probable cause "most frequently arises when affidavits are bare bones—that is, when they are totally devoid of factual circumstances to support conclusory allegations." *Jones*, 43 F.4th at 112 (quotation marks omitted). "The concern is particularly acute when facts indicate that the bare-bones description . . . was almost calculated to mislead." *United States v. Clark*, 638 F.3d 89, 103 (2d Cir. 2011) (quotation marks omitted). "We have emphasized that this is a *very difficult* threshold to meet." *Jones*, 43 F.4th at 112 (quotation marks omitted, emphasis supplied).

We do not agree that the warrant application in this case was "totally devoid" of factual support such that it was unreasonable to rely on it. *Clark*, 638 F.3d at 103. To be sure, the warrant application approaches the line between just enough and too little specificity with respect to the description of the computer files at issue. But the warrant application did advise that another FBI Task Force

Officer downloaded files that "consisted of" child pornography from a BitTorrent "share" folder that was later connected to Pratt. App'x 34.

We have explained that "[w]here a relevant legal deficiency was not previously established in precedent, [an] agent's failure to recognize that deficiency cannot vitiate good faith." *Raymonda*, 780 F.3d at 119 (quotation marks omitted). As relevant here, we have not previously identified the level of specificity required in a warrant application that describes computer files. Nor have we decided whether downloading and sharing a file on a platform such as BitTorrent can, in and of itself, rebut staleness. For that reason, the officers' failure to notice any legal deficiency in the level of factual detail in the warrant in this case does not "vitiate [their] good faith" reliance on the warrant. *Id.*

Second, Pratt contends that the authorizing judge's decision to "rubber-stamp the warrant was proof he wholly abandoned his judicial role." Appellant's Reply Br. 12; *see Raymonda*, 780 F.3d at 118 (listing one circumstance where good faith exception does not apply as "where the issuing magistrate wholly abandoned his or her judicial role"). We see no evidence, however, that the judge was not "independent of the police and prosecution" or that he

6

abandoned his "judicial neutrality and detachment" when he approved the warrant. *Clark*, 638 F.3d at 101.

Even so, we note concern about the conclusory nature of the allegations set forth in the warrant application and the application's apparently complete reliance on Pratt's use of BitTorrent to defeat staleness. In particular, the application omitted details that might more clearly have demonstrated probable cause to think that Pratt was a "collector" of child pornography, including a description of the steps he must have taken to seek out or share such files on BitTorrent. *See Raymonda*, 780 F.3d at 115 (holding that an issuing judge can find probable cause for a warrant based on months-old evidence where a suspect either redistributed or took "sufficiently complicated steps" to access child pornography). Moreover, at oral argument, government counsel was unable to say whether a BitTorrent user shares files as a default or by taking an affirmative step. Accordingly, it would have been better practice for the government to provide greater detail to establish probable cause that child pornography remained on Pratt's devices at the time the warrant was sought.

Given the novelty of this issue, however, and for the reasons stated above, we nonetheless affirm the District Court's denial of Pratt's motion to suppress on

the ground that the searching officers relied in good faith on the issuing judge's determination that the search warrant was supported by probable cause.

We have considered Pratt's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court