United States v. Buczek

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
            RICHARD C. WESLEY,
            SUSAN L. CARNEY,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

     *Appellee*,

     -v.-                                                          10-4799

SHANE C. BUCZEK,

     *Defendant-Appellant*.


- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Peter J. Tomao
                                  Garden City, NY

**FOR APPELLEE:**                Monica J. Richards, Assistant
                                United States Attorney, <u>for</u>
                                William J. Hochul, Jr., United
                                States Attorney,
                                Western District of New York,
                                Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED**.

Shane Buczek appeals from a judgment entered in the United States District Court for the Western District of New York convicting him of one count of bank fraud and one count of committing an offense while on pretrial release.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Buczek argues that the evidence adduced at trial was insufficient to establish that he acted knowingly and with the intent to defraud a financial institution.  We review a sufficiency challenge <u>de novo</u>.  <u>United States v. Yannotti</u>, 541 F.3d 112, 120 (2d Cir. 2008).  A defendant challenging his conviction on sufficiency grounds "bears a heavy burden because a reviewing court must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if '<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  <u>United States v. Aquilar</u>, 585 F.3d 652, 656 (2d Cir. 2009) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)).  "The government's proof need not exclude every possible hypothesis of innocence, and where there are conflicts in the testimony, we defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence."  <u>United States v. Best</u>, 219 F.3d 192, 200 (2d Cir. 2000) (internal citations and quotation marks omitted).

At issue is whether the evidence sufficed to show that, when he attempted to transfer funds to HSBC, Buczek knew that he did not actually have an account at the Depository

Trust and Clearing Corporation ("DTCC") and thus intended to defraud HSBC. According to Buczek, the evidence showed that he legitimately believed he had a "secret account" at DTCC funded by the United States Treasury Department.

The evidence of Buczek's knowledge was sufficient to support a jury finding that he had the requisite intent to defraud HSBC. First, the Government introduced evidence that the DTCC did not offer any individual accounts; so the jury could logically infer that Buczek had never deposited any money in his supposed DTCC account, had never withdrawn any money from that account, and had never checked the balance of that account--since the account did not in fact exist. Under those circumstances, the natural consequence of providing a creditor information for such an account is that there will be no funds in that account to remit to the creditor.

Second, the Government introduced evidence that Buczek repeatedly purchased goods at Best Buy very shortly after purporting to make direct check payments on his credit card account. The jury could reasonably infer that this timing reflected his awareness that he had a small interval of time to incur additional credit card charges before his checks bounced.

Third, FBI agent Falkowski testified that Buczek denied using a DTCC routing number to make payments on his credit card. If Buczek genuinely believed his DTCC account was real, he would have had no reason to lie to authorities about having attempted to make payments from that account.

[2] Buczek also argues that the evidence was insufficient to show that his conduct placed a financial institution at risk of loss, or that the financial institution in question was federally insured. But the evidence established that Buczek never paid more than $8,000 that he charged on his HSBC credit card. This plainly constituted a loss to HSBC, which financed Buczek's Best Buy purchases. Buczek contends the Government failed to show that "HSBC Bank Nevada" (the entity that administered his credit card account) was FDIC insured. However, the testimony that HSBC "owned" Buczek's credit account and is FDIC insured was sufficient for the jury to infer an adverse effect on a federally insured financial institution.

3

**[3]** Buczek argues that the admission of various out-of-court statements violated the Sixth Amendment's Confrontation Clause. "[I]f an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness." Bullcoming v. New Mexico, 131 S. Ct. 2705, 2713 (2011). Confrontation Clause violations are subject to harmless error review if the error is preserved. United States v. McClain, 377 F.3d 219, 222 (2d Cir. 2004). Otherwise, review is for plain error. United States v. Bruno, 383 F.3d 65, 78 (2d Cir. 2004). In that event, we will reverse a defendant's conviction only if there is "(1) error, (2) that is plain, . . . (3) that affects substantial rights" and "(4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and alterations omitted). For an error to affect a defendant's substantial rights, it generally must "affect[] the outcome of the district court proceedings," meaning "there must be a reasonable probability that the error affected the outcome of the trial." United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted).

Buczek did not object to the admission of any of the out-of-court statements that were arguably testimonial in nature, and therefore we review their admission for plain error. Each of these statements concerned facts that were established by other witnesses at trial, including Buczek's use of a fictitious DTCC account and routing number, his use of a "bonded promissory note" to attempt to pay down his HSBC credit account, and the absence of any Buczek account at DTCC (which, as noted above, did not offer individual accounts). Because the record contained ample other evidence that Buczek engaged in the transactions evidenced by the challenged testimony, there is no reasonable probability that the admission of that testimony affected the outcome of the trial.

**[4]** Buczek cites testimony describing the redemption theory (to which he claims to subscribe) as "nothing other than a scam" and describing his account at HSBC as a "bust out account," and argues that this testimony should have been excluded as impermissible opinion evidence that invaded the province of the jury by telling it what result to reach.

4

See United States v. Scop, 846 F.2d 135, 139-40 (2d Cir. 1988). However, Buczek did not object to either statement at trial. Because there was ample evidence in the record for the jury to conclude that Buczek was aware that he had provided fictitious account information to HSBC, Buczek's substantial rights were unaffected by the admission of the challenged testimony, so its admission did not amount to plain error.

**[5]** Buczek maintains that he did not knowingly waive his right to counsel and that the district court erred by failing to specify the penalties he faced if convicted. The Sixth Amendment guarantees criminal defendants "both the right to counsel and the power to defend themselves without counsel if that decision is made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver." United States v. Fore, 169 F.3d 104, 107-08 (2d Cir. 1999) (internal quotation marks omitted). To ensure that a waiver of the right to counsel is made intelligently and knowingly, "[t]he district judge and defendant should engage in a colloquy on the record, but there is no scripted procedure for this discussion." Id. at 108.

Although the district court did not specify the potential punishment, the court explained several times the risks of appearing pro se, and warned Buczek that he could face substantial prison time. "Our case law does not require an explicit accounting of the potential punishment" in order for a waiver of the right to counsel to be deemed intelligent. Id. at 108.

**[6]** Buczek challenges the district court's refusal to reduce his Guidelines offense level on the ground that he failed to accept responsibility. "A district court's decision to deny credit for acceptance of responsibility, primarily a factual determination, will be upheld unless it is without foundation." United States v. Kumar, 617 F.3d 612, 635 (2d Cir. 2010) (internal quotation marks omitted). Buczek's post-conviction motions espousing conspiracy theories to challenge the "jurisdiction" of the district court and of the United States Attorney's Office, as well as his failure to cooperate with the probation department in its presentencing investigation, confirm that Buczek was not entitled to an offense level reduction under U.S.S.G. § 3E1.1.

5

We have considered Buczek's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK