BLD-190                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1021
_____

SHANE CHRISTOPHER BUCZEK,
Appellant

v.

CHARLES MAIORANA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 12-cv-00224)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 2, 2013)
_____

OPINION
_____

PER CURIAM

Shane Christopher Buczek, proceeding pro se, appeals from an order of the United

States District Court for the Western District of Pennsylvania denying his petition for a

writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  We will grant the Appellee's

motion to summarily affirm.  See 3d Cir. LAR 27.4; I.O.P. 10.6.

Following a jury trial in the United States District Court for the Western District of New York, Buczek was convicted of one count of bank fraud, 18 U.S.C. § 1344, and one count of committing an offense while on pre-trial release, 18 U.S.C. § 3147. His conviction was affirmed on direct appeal, United States v. Buczek, 457 F. App'x 22 (2d Cir. 2012) (not precedential), and his request for post-conviction relief under 28 U.S.C. § 2255 was denied, Buczek v. Constructive Statutory Trust Depository Trust Corp., No. 10-cv-382, 2011 WL 4549206 (W.D.N.Y. Sept. 29, 2011) (not precedential).

While incarcerated at FCI Loretto, Buczek filed the present § 2241 petition, seeking to challenge his underlying conviction. In particular, Buczek alleged that he did not knowingly waive his right to counsel, that the Government failed to prove that the bank was federally insured, that the indictment was invalid, and that his prosecution involved no "real party in interest" under Federal Rule of Civil Procedure 17. A Magistrate Judge recommended dismissing the petition, noting that Buczek had not demonstrated that a motion pursuant to 28 U.S.C. § 2255 was an inadequate or ineffective remedy for his claims. Over Buczek's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and denied the § 2241 petition. Buczek appealed.

A motion filed under 28 U.S.C. § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test

2

the legality of his detention. In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). Lack of success in a previous § 2255 motion, without more, does not render § 2255 inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). We agree with the District Court that dismissal was proper because Buczek's case does not fit within the narrow class of circumstances where a § 2255 motion would be inadequate or ineffective to challenge his conviction. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

Accordingly, as there is no substantial question presented by this appeal, we will grant the Appellee's motion to summarily affirm the judgment of the District Court.[1] See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[1] Buczek's Motions to Take Judicial Notice are denied.