10-4753-cr; 10-4768-cr
*United States v. Buczek*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand thirteen.

PRESENT:

> José A. Cabranes,
> Peter W. Hall,
> Denny Chin,
> > *Circuit Judges.*

———————————————————————

United States of America,

> *Appellee,*

> > v.                                                   No. 10-4753-cr

Shane C. Buczek,

> *Defendant-Appellant.*

———————————————————————

United States of America,

> *Appellee,*

> > v.                                                   No. 10-4768-cr

Shane C. Buczek,

> *Defendant-Appellant.*

———————————————————————

**FOR DEFENDANT-APPELLANT:**          Shane C. Buczek, *pro se*, Derby, NY.

**FOR APPELLEE:**          Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, United States Attorney's Office for the Western District of New York, Buffalo, NY.

Appeal from two judgments of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 9, 2010 judgments of the District Court are **AFFIRMED** and that all of Buczek's pending motions are **DENIED** as moot.

## BACKGROUND

In these tandem appeals, defendant-appellant Shane C. Buczek, proceeding *pro se*, appeals from two judgments of the District Court convicting him, following guilty pleas, of (1) one count of possession of a false identification document in violation of 18 U.S.C. § 1028(a)(4), and (2) one count of contempt of court in violation of 18 U.S.C. § 401(3). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

## DISCUSSION

### A.

First, Buczek argues that he did not knowingly waive his right to counsel because the District Court failed to provide him, during his March 2010 plea allocution on the above charges, with the colloquy required by *Faretta v. California*, 422 U.S. 806 (1975). But in Buczek's related criminal appeal, in which he challenged his bank fraud conviction, we held that his waiver of the right to counsel was knowing and intelligent. *See United States v. Buczek*, 457 F. App'x 22, 25 (2d Cir. 2012) (non-precedential summary order). The reasoning of that decision is equally applicable to Buczek's present appeals inasmuch as the pretrial proceedings in these three criminal cases were intertwined and Buczek's plea allocution on the false identification and contempt of court charges took place only three weeks after the conclusion of his jury trial on the bank fraud charge.

2

Second, Buczek has waived his argument that his indictment on the false identification charge should be dismissed due to a purported violation of the Speedy Trial Act because he did not raise that argument in his opening brief. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a *pro se* appellant abandons an issue not raised in his appellate brief). Moreover, even if we were to consider the Speedy Trial Act claim, we would conclude that it was waived by Buczek's valid guilty plea. *See United States v. Coffin*, 76 F.3d 494, 496 (2d Cir. 1996) (holding that "[a] knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings").

Finally, Buczek's argument that the contempt of court statute, 18 U.S.C. § 401(3), is not an "indictable offense" is without merit. *See United States v. Guariglia*, 962 F.2d 160, 162 (2d Cir. 1992); *United States v. Morales*, 566 F.2d 402, 404 (2d Cir. 1977) ("Many cases have tacitly or explicitly recognized the power of grand juries to hand down indictments charging criminal contempt.").

For these reasons, we reject all of Buczek's claims in these tandem appeals. Accordingly, all of his motions that are currently pending are denied as moot.

**B.**

As a final matter, we note that, during the pendency of these appeals, multiple panels of this Court have dismissed as frivolous approximately thirteen of Buczek's related appeals taken from meritless post-judgment motions he filed in the District Court. In addition, Buczek has filed innumerable frivolous motions in his present appeals, which have greatly delayed the resolution of these matters. Even taking into account Buczek's *pro se* status, such litigation practices are entirely unacceptable.

**CONCLUSION**

We have considered all of Buczek's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the District Court and **DENY** as moot all of Buczek's pending motions in the captioned cases (U.S.C.A. Dkt. Nos. 10-4753-cr and 10-4768-cr).

Moreover, Buczek is hereby **WARNED** that his further filing in this Court of frivolous motions, appeals, petitions, or other matters relating to his November 2010 convictions, the criminal proceedings leading to those convictions, or his post-conviction litigation, will result in the imposition of sanctions, including leave-to-file sanctions. *See In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (recognizing that "courts may resort to restrictive measures . . . [with respect to]

litigants who have abused their litigation opportunities," including "subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings"); *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The above warning does not apply to any motion Buczek may make to reinstate the proceedings under U.S.C.A. Dkt. Nos. 11-4529 or 11-4844, which were taken from the District Court's denial of Buczek's 28 U.S.C. § 2255 motions and which we dismissed without prejudice to reinstatement following the resolution of the present appeals. We note, however, that Buczek has already filed a motion for a certificate of appealability ("COA") in each of those proceedings. *See* U.S.C.A. Dkt. No. 11-4529, Doc. 17; U.S.C.A. Dkt. No. 11-4844, Doc. 7. Accordingly, should he move to reinstate those matters, Buczek's COA motions will, as soon as is practicable, be submitted to a motions panel for decision. Additionally, because he has already filed his COA motions, any motion, document, or other submission made by Buczek in U.S.C.A. Dkt. Nos. 11-4529 or 11-4844, other than the above-described motions to reinstate those proceedings, will result in the imposition of sanctions as set forth in the text of this order.